[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 131 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 132 
It was competent for the plaintiffs to make clear any ambiguity or indefiniteness in their application for insurance. They could do this by proof of the course of business and dealing between them and the defendant (Russell Manufacturing Co. v. N.H. St.Boat Co., 50 N.Y., 121; S.C., on second appeal, May, 1873,52 N Y, 657), and also (as the one was connected and dependent upon the other) by the course of business and dealing with other companies, with the knowledge and concert of the defendant. This did not contradict nor vary, by parol, the contract of the parties. Nor did it involve the defendant with the business of other companies, so as to make it liable for contracts with which it had no concern, any farther than the course of business and dealing, and the contract of the parties to this action, contemplated by it and framed upon it, had that effect.
It is apparent that the application for insurance was, to some extent, indefinite in its expression of the amount of insurance which was sought from the defendant. And such *Page 134 
was the case with the applications made to the other insurers. The testimony was produced to show, and did show, that the amount would not and could not be fixed exactly until the ascertainment of another fact, to wit, the amount and value of the cargo to be laden upon the vessel. The course of business and dealing between the parties, and between the plaintiffs and other companies, as known to the defendant, showed that the formal contract between the insured and insurer was not used to be, and could not be completed, until that fact was ascertained, and, upon the basis thus furnished, the proportionate amount of the risk taken by each of the insurers, the defendant as well as the others, definitely arrived at. The terms of the contract to be delivered were not altered thereby, nor was any condition thereof expunged or varied; simply, the amount dependent upon the contract was not, until then, possible to be stated with precision. The whole amount at risk was then made known, and the risk taken by each insurer was the proportionate part thereof, indicated by the application to it, and the application to all the insurers. No insurer was involved in the business of other companies, further than taking part in the same risk made it so, under the terms and conditions of its contract and the rules of law applicable to the case. For the defendant is in error, in the statement made by it upon its points, that the amount of insurance effected by the plaintiffs was greater than the value of the cargo, and that there was an amount of insurance greater than the value, prior in time to that made by the defendant. When the value of the cargo was ascertained, then the amount of the total and of the prior insurance was first ascertained. The total was no more than that value, and the prior insurance no more than the proportion of that total sought from the companies taking risks before the defendant took one.
This is an action not only to recover an amount insured upon property of the plaintiffs, but to compel the defendant to make and deliver to the plaintiffs a policy of insurance for the amount. The negotiations between the parties for insurance *Page 135 
did not disclose the terms and conditions of the policy, nor did they disclose precisely the amount of insurance. Proof aliunde
the application was proper, to show what should be the terms and conditions of the written contract; and so proof aliunde the application was proper, to show the amount to be inserted in the written contract. And when this proof is admitted, and the terms and conditions and amount of the policy are established, no part of the contracts between the parties is varied, and all parts have their due force. The clause in the policy, that if the plaintiffs had made prior assurance the defendant should be answerable only for so much as the prior assurance failed to cover the value of the thing assured, is not changed or restricted, but has its due operation; for the proof received does no more than show what is that prior assurance, and what the value; and it was necessary to that end.
These considerations cover the points presented by the learned counsel for the defendant, and show that there was no error at the trial, nor in the judgments of the courts below.
The judgment appealed from should be affirmed, with costs to the respondents.
All concur.
Judgment affirmed.